## Snow & al. *vs.* Hall.

Where a count in trespass, *quare clausum fregit*, and a count *de bonis asportatis* were joined in one writ, and in the Court below judgment was rendered upon a verdict for the defendant, from which the plaintiff appealed to this Court, in which a verdict was returned for the defendant upon the first count, and for the plaintiffs upon the second, and their damages assessed at less than a hundred dollars ;—it was holden that this was not an action of trespass *quare clausum fregit*, within the meaning of *Stat.* 1822, *ch.* 193, *sec.* 4 ;. and that the defendant was entitled to his costs accruing since the appeal.

In this action, which was tried before the Chief Justice at the sittings after this term, a question was moved by *Orr* for the defendant, respecting his right to costs since the appeal ; and *Allen,* for the plaintiffs opposing the claim of costs, the Chief Justice reserved the point for consultation, and in the following term at *Augusta* the opinion of the Court was given and the case stated as follows, by

Weston J. By the statute of 1822, *ch.* 193, establishing the Court of Common Pleas, *sec.* 4, it is provided that any party, aggrieved, at the judgment of any Court of Common Pleas, in any personal action, wherein any issue has been joined, in which

the debt or damage demanded shall exceed one hundred dollars, and in any action of replevin, or action of trespass, *quare clausum fregit*, ejectment or real action, may appeal therefrom to the Supreme Judicial Court. And when any such appeal in any personal action, except actions of trespass *quare clausum fregit*, and actions of replevin, wherein the value of the property replevied shall, by the finding of the jury, exceed one hundred dollars, shall be made by any plaintiff, and he shall not recover more than one hundred dollars debt or damage, he shall not recover any costs after such appeal ; but the defendant shall recover his costs on such appeal, against the plaintiff, and shall have a separate judgment therefor. The first count in this declaration is *quare clausum fregit* ; the second, *de bonis asportatis*. The jury have found for the defendant upon the first count, and for the plaintiffs upon the second ; and have assessed their damage at less than one hundred dollars. It is stated by the Judge, who tried the cause, that, as to one of the plaintiffs, there was no pretence whatever of title in the *locus in quo*. The plaintiffs appealed from the judgment of the Court of Common Pleas ; and the defendant now moves the Court to allow him his costs, after the appeal. The plaintiffs resist this motion ; and claim to be allowed their costs in this Court, on the ground that their action is trespass, *quare clausum fregit*.

No restriction is imposed by law upon appeals to this Court, in all cases where the title to real estate may come in question. And access to this Court is further facilitated, by allowing actions of this description to be brought directly here, without passing through the Court of Common Pleas. But is this an action of trespass *quare clausum fregit*, within the true intent and meaning of the law ? To give it this name alone, would give but an imperfect idea of what it is in fact. Prior to the finding of the verdict, it might, with quite as much propriety, have been denominated an action of trespass *de bonis asportatis* ; and it is only as such that it has been sustained by the verdict; which negatives the cause of action, set forth in the first count. We cannot, therefore, regard this as an action of trespass *quare clausum*, within the meaning of the law under consideration. To do so,

would be virtually placing actions of trespass *de bonis asportatis*, upon the same ground as to appeals, which the legislature certainly did not intend with actions *quare clausum* ; because the restriction in regard to the former species of action might always be evaded by joining a formal count in *quare clausum*, not intended to be supported. And in the same manner, and upon the same principle, both these classes of actions might be brought here by original process, returnable to this Court. The motion of the defendant is sustained ; and the plaintiffs are to be restricted to their costs in the Court below.